UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE FLORES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHELLY CRUZE LATHROP, et al., )<br>)<br>)<br>Defendants. ) | Civil Action No. 1:23-cv-03878 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application and, for the reasons discussed below, it dismisses the complaint without prejudice.

Plaintiff, a citizen of New York, sues Shelly Cruze Lathrop, Chris Lathrop/Tom Rizzo, and the siblings of Chris Lathrop. *See* Compl. at 1–4. She does not provide the names for the "sibling" defendants, nor does she list addresses for any of the defendants, in contravention of D.C. LCvR 5.1(c)(1). *See id*. Instead, plaintiff speculates that defendants could be citizens of Wisconsin, Illinois, New Jersey, or Canada. *See id*. at 3–4.

The allegations fare no better. Plaintiff hypothesizes that defendants *may* have harassed and stalked her throughout Wisconsin, Arizona, Missouri, and Illinois, a conclusion that she has drawn by noticing, since 2014, a pattern of personalized license plates on vehicles in her vicinity. *See id*. at 4–5. She also alleges that, since 2012, this harassment has been evidenced by incidents of "criminal damage" to her vehicle, but she also asserts that this damage "could have also been a defect." *See id*. She demands an injunction and $4 million in damages. *See id*.

*Pro se* litigants must comply with the Local and Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's complaint falls squarely within this category, failing to provide the defendants or this court with notice of a cognizable claim or a clear basis for this court's jurisdiction.

To that end, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. As discussed, a plaintiff seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3).

First, plaintiff has not stated a federal question. Although she attempts to invoke federal law, plaintiff cannot bring a cause of action under any of the authority upon which she relies because she cites to criminal statutes, *see* Compl. at 3, that do not afford an express private right to action, *see North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 77 (D.D.C. 2015) (citing *RJ Prod. Co. v.*

*Nestle USA, Inc.*, No. 10–0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (holding that because criminal statutes under Chapter 18 of the United States Code "do not provide for private causes of action, they cannot be used to grant plaintiff access to federal courts")); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190–91 (D.D.C. 2009) (stating that no private right of action exists to enforce the federal criminal code)), *aff'd*, No. 09–5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted); *Rockefeller v. U.S. Court of Appeals Office*, *for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (holding that federal criminal statutes do not convey a private right of action) (collecting cases).

Second, plaintiff has also failed to establish diversity of citizenship. It is a "well-established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Indeed, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Thus, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). As noted above, plaintiff has not pleaded the residence, let alone the citizenship, of a single intended defendant.

And even if she had, this matter presents no connection to the District of Columbia whatsoever. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a

substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). None of the defendants appear located in the District of Columbia, and none of the alleged events giving rise to this case occurred in this District.

For all of these reasons, the court dismisses this case without prejudice. A separate order is issued contemporaneously.

Date: April 17, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge